IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FAYEZ JABER, and :
NADIA JABER :
        Plaintiffs :
 :
v. : 3:CV-05-0912
: (CHIEF JUDGE VANASKIE)
NATIONWIDE MUTUAL FIRE INS. CO. :
        Defendant :

ORDER

**NOW, THIS 20th DAY OF JULY, 2005**, having carefully considered Plaintiffs' Motion to Remand on the ground that Defendant Nationwide Mutual Fire Ins. Co. ("Nationwide") cannot show that the amount in controversy exceeds the jurisdictional threshold of $75,000 in this motor vehicle insurance and bad faith action removed by Nationwide to this Court on the basis of diversity jurisdiction;[1]

**AND** finding that the removal statute is to be strictly construed so that the congressional intent to restrict diversity jurisdiction is honored, Samuel-Bassett v. Kia Motors America, Inc.,

---

[1] Diversity jurisdiction exists where the plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). It is undisputed that Plaintiffs in this action are citizens of the State of Florida, and Nationwide is an Ohio corporation, with its principal place of business in that state. For diversity jurisdiction to exist, the amount in controversy for at least one of the Plaintiffs must exceed the jurisdictional threshold, with the court then exercising supplemental jurisdiction under 28 U.S.C. § 1367(a) as to the claims of the co-Plaintiff that are part of the same case or controversy. See Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S. Ct. 2611, 2625 (2005)

357 F.3d 392, 395 (3d Cir. 2004);

**AND** observing that Nationwide shoulders the burden of showing to a legal certainty that the amount in controversy exceeds $75,000, id. at 398;

**AND FURTHER** observing that, in determining whether Nationwide has met this burden, the court is to take into account the amount of the compensatory damages claimed by a Plaintiff, as well as the value of any non-frivolous claim for attorneys' fees and punitive damages recoverable under the governing law, Suber v. Chrysler Corp., 104 F.3d 578, 585 (3d Cir. 1997); Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1046 (3d Cir. 1993);[2]

**AND** finding that the Complaint seeks recovery of $40,000 in compensatory damages on behalf of plaintiff Fayez Jaber and $30,000 in compensatory damages on behalf of Nadia Jaber, so that neither Plaintiff has a claim for compensatory damages that approaches the jurisdictional threshold;

**AND** noting that Plaintiffs have asserted a bad faith cause of action under Pennsylvania law, specifically 42 Pa. Cons. Stat. Ann. § 8371, for the handling of their respective claims under the motor vehicle insurance policy Nationwide issued to Plaintiffs in Florida;

**AND** concluding that Pennsylvania bad faith law would not apply in this diversity action

---

[2] The Third Circuit has ruled that when a claim for punitive damages is plainly frivolous and without foundation because such damages are unavailable as a matter of law, that claim must be stricken from the amount in controversy. Golden ex rel. Golden v. Golden, 382 F.3d 348, 355 (3d Cir. 2004).

brought by Florida residents on a policy issued in Florida, see General Star Nat. Ins. Co. v. Liberty Mut. Ins. Co., 960 F.2d 377, 379-80 (3d Cir. 1992); Paul Revere Life Ins. Co. v. Patniak, No. Civ. A. 02-3423, 2004 WL 1059805, at *4 (D. N.J. April 1, 2004);

**AND** concluding that Plaintiffs' bad faith claims under 42 Pa. Cons. Stat. Ann. § 8371 are, therefore, without legal foundation;[3]

**AND FURTHER** concluding that, absent a claim for punitive damages and counsel fees under Pennsylvania law, Nationwide cannot show that the amount in controversy for either

---

[3] "The Third Circuit has made clear that protection of insured parties is the primary public policy underlying laws governing duties owed by an insurer to an insured." Kilmer v. Connecticut Indemnity Co., 189 F. Supp. 2d 237, 246 (M.D. Pa. 2002). With respect to the Pennsylvania bad faith statute, "'the Pennsylvania legislature was concerned about protecting its own residents/insureds from overreaching insurance companies.'" Id. at 246-47 (citations omitted). Consistent with this policy, our Court of Appeals in General Star ruled that Pennsylvania bad faith law would not be applied in a diversity action involving a New York insured even though the underlying trial and settlement negotiations on the alleged bad faith refusal to settle had occurred in Pennsylvania. Similarly, in Pateniak, supra, the court held that Pennsylvania bad faith law would not apply with respect to the handling of a claim under a disability insurance policy issued to a New Jersey resident even though plaintiff engaged in the practice of medicine in Pennsylvania, his expected occupation and earnings derived from his activities in Pennsylvania, and his disability occurred in Pennsylvania. The court explained that "[e]ven though Pateniak has significant contacts with Pennsylvania, the fact remains that he is a New Jersey resident whose interest the Pennsylvania Legislature did not seek to protect when implementing the bad faith statute." 2004 WL 1059805, at *4. In this case, Plaintiffs contend that Pennsylvania law should apply because the underlying motor vehicle accident occurred in Pennsylvania and their claims were adjusted, at least in part, in Pennsylvania. However, as in Pateniak, "[c]onsidering that the purpose of Pennsylvania Bad Faith statute is to protect its residents from overreaching insurance companies, [Plaintiffs, Florida residents], ha[ve] not demonstrated that Pennsylvania has a priority of interest in the application of its law." Id. Accordingly, Plaintiffs are unable to maintain a separate claim against Nationwide for bad faith pursuant to the Pennsylvania statute.

Plaintiff exceeds the jurisdictional threshold,

**IT IS HEREBY ORDERED THAT:**

(1)  Plaintiff's Motion to Remand (Dkt. Entry 7) is **GRANTED.**

(2)  The Clerk of Court is directed to remand this matter to the Court of Common Pleas of Luzerne County, and to mark this matter in this Court **CLOSED.**

<u>s/ Thomas I. Vanaskie</u>
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania